**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **WOLO MANUFACTURING, CORP.** | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| **- against -** | : | |
| **HORNBLASTERS, INC. (SOMETIMES DOING BUSINESS AS 12VOLT DEALS) and MATTHEW L. HELLER,** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, Wolo Manufacturing, Corp. (“Wolo”), by and through its attorneys, Lackenbach Siegel, LLP, for its complaint against defendants, Hornblasters, Inc., sometimes doing business as 12Volt Deals, (“Hornblasters”) and Matthew L. Heller (“Heller” or collectively, “Defendants”), hereby alleges as follows:

## NATURE OF ACTION

1. In this action, Wolo seeks injunctive relief, lost profits, damages and attorneys’ fees for Defendants’ acts of willful trademark infringement, false designation of origin, false descriptions, false advertising, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and trademark infringement and dilution, deceptive acts and practices, injury to business reputation and dilution, false advertising, and unfair competition under the common law and statutes of the State of New York.

2. More specifically, Defendants have engaged in "bait and switch" advertising and sales (also known as "implied passing off"), whereby consumers are shown photographs of Wolo's authentic products, advertised under Wolo's name and trademarks, and otherwise led to believe that they are purchasing and will receive a genuine Wolo product, only to receive Defendants' inferior and sometimes illegal products instead.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

4. The actions of Defendants complained of in this Complaint have been and continue to be committed, at least in part, within the Eastern District of New York.

5. Upon information and belief, Hornblasters is a corporation organized and existing under the laws of the State of Florida, with its place of business in Zephyrhills, Florida.

6. Upon information and belief, Heller is a resident of Zephyrhills, Florida.

7. Upon information and belief Defendants reside, contract to supply goods and/or services, and/or transact business in New York and within this judicial district; and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the willful and illegitimate use of Wolo's trademarks and goodwill, have caused harm to Wolo within this judicial district. Accordingly, personal jurisdiction exists over Defendant pursuant to CPLR §§ 301 and 302.

8. Defendants advertise, offer for sale and sell goods via national retailers, including without limitation Amazon.

9. Defendants maintain an "active" website which permits customers to purchase goods from Defendants directly from the web site.

10. Defendants' customers include residents of New York State and Defendants have shipped goods into New York State, including goods which form the basis of this Complaint.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

12. Wolo is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 1 Saxwood Street, Deer Park, New York 11729.

13. Upon information and belief, Hornblasters is a corporation organized and existing under the laws of the State of Florida, with its place of business in Zephyrhills, Florida.

14. Upon information and belief, Heller is a resident of Zephyrhills, Florida.

15. Upon information and belief, Heller is an officer, director and/or principal of Hornbalsters, its sole shareholder, and has controlled, actively directed, and caused Hornbalsters to commit the acts complained of herein as the alter ego of Hornbalsters.

**FACTUAL ALLEGATIONS**

16. Wolo, founded in 1965, designs and sells a variety of automotive accessories, including horns, alarms, sirens, warning lights, and light bars.

17. Wolo is widely considered one of the leaders in its field. Wolo's goods are sold by leading automotive goods retailers such as Pep Boys, AutoZone, O'Reilly Auto parts, and Advance Auto parts.

18. Wolo additionally sells directly to Amazon Services, LLC ("Amazon") for sale of its products on Amazon.com. That is, Amazon purchases goods directly from Wolo and Wolo ships goods directly to various Amazon distribution centers.

19. To that end, Wolo supplies Amazon with photographs of its authentic goods, together with descriptions of and details relating to the authentic Wolo products.

20. The photographs, details and descriptions of the authentic Wolo goods are displayed on Amazon.com.

21. Vendors who sell directly to Amazon or who use Amazon's fulfillment services, including Wolo, are eligible to sell their products using Amazon Prime (which provides customers with free shipping and other benefits).

22. When a potential customer views a Wolo product on Amazon.com, the potential customer is presented with numerous purchasing options. That is, the potential customer can choose to purchase the product directly from Amazon or the potential customer can purchase the product from a number of third-party sellers. An example of such a page is attached hereto as Exhibit 1.

23. Regardless of the seller, the item is described as a Wolo product, Wolo trademarks are used, a photograph of the authentic Wolo product is displayed, and a description of and details relating to the authentic Wolo product are provided.

24. Regardless of the seller, the customer is purchasing an authentic Wolo product and expects to actually receive an authentic Wolo product.

25. If the customer elects to purchase the product from Amazon.com, Amazon ships to the customer an authentic Wolo product that Amazon previously purchased directly from Wolo.

26. If a customer selects a seller other than Amazon.com and that seller does not use Amazon's fulfillment services, the selected seller ships the product directly to the customer.

Presumably, the seller has obtained authentic Wolo products directly from Wolo or some other authorized distributor.

27. Defendants are among the third-party sellers of Wolo products on Amazon.com.

28. Upon information and belief, Defendants do not sell Wolo goods directly to Amazon, Defendants do not use Amazon's fulfillment services, and thus, Defendants ship goods purchased via Amazon.com directly to the customer.

29. As detailed below, however, when fulfilling orders for authentic Wolo products, Defendants substitute their own inferior and sometimes illegal products.

**Wolo's Trademarks**

30. In connection with its business and products, Wolo has adopted and used, and Wolo is the owner of numerous registered and common law trademark., including without limitation, WOLO, WOLO and Design, ANIMAL HOUSE and HANDY HORN (the "Trademarks")

31. Wolo is the owner of the following US Trademark Registrations with respect to its Trademarks (the "Registered Trademarks"), including without limitation:

(a) U.S. Trademark Registration No. 4,399,383 for the mark WOLO, registered for, among other goods, siren loud speakers, electronic warning horns, public address systems, emergency warning lights, horns for vehicles, air horns for vehicles, and back-up warning alarms for vehicles;

(b) U.S. Trademark Registration No. 3,156,221 for the mark WOLO, registered for, among other goods, warning lights, emergency lights, and work lights, namely, lights for vehicles;

(c) U.S. Trademark Registration No. 2,376,647 for the mark WOLO & Design, registered for, among other goods, horns for motorcycles, cars and trucks, wheel locks, and horn compressors for vehicles;

(d) U.S. Trademark Registration No. 1,089,058 for the mark WOLO & Design registered for, among other goods, automobile hood or trunk locks and automobile ignition locks;

(e) U.S. Trademark Registration No. 4,009,676 for the mark HANDY HORN, registered for emergency warning horns; and

(f) U.S. Trademark Registration No. 3,989,985 for the mark ANIMAL HOUSE, registered for horns for vehicles.

32. All of the registrations for the Registered Marks are valid and subsisting.

33. The Trademarks and the Registered Trademarks shall collectively be referred to as "Wolo's Marks."

34. All of Wolo's Marks are inherently distinctive and strong trademarks.

35. All of Wolo's Marks are currently in use and have never been abandoned.

36. Because of Wolo's extensive use and promotions of Wolo's Marks, and in light of the unsolicited media coverage and/or notoriety pertaining to Wolo's goods and Wolo's Marks, Wolo's Marks have become distinctive and prominent, and indicate a single source of origin of Wolo's goods, and have acquired a secondary meaning.

**Defendants' and Their Illegal Activities**

37. Upon information and belief, Heller formed Hornbalsters in 2003.

38. Upon information and belief, Heller is and has always been Hornblasters' President and sole shareholder, and Heller alone directs and controls all of the activities of Hornbalsters.

39. Defendants are direct competitors of Wolo. Defendants sell a variety of automotive horns and related accessories, including air compressors, tanks and valves, gauges, and pressure switches.

40. Wolo has never knowingly sold any of Wolo's products to Defendants and to the best of Wolo's knowledge, Defendants have never purchased commercially significant quantities of Wolo's products from any other source.

41. Defendants offer for sale and sell their products on Amazon.com. Defendants, however, do not list Wolo products in their on-line or print catalogs.

42. Upon information and belief, Defendants do not sell directly to Amazon or use Amazon's fulfillment services, and Defendants' goods are not available though Amazon Prime.

43. Defendants operate on Amazon.com using the name 12Volt Deals. The 12Volt Deals seller page displays the Hornbalsters name and logo and lists a contact telephone number of 877-209-8179. See Exhibit 2. The Defendants' hornbalsters.com web site lists the very same 877-209-8179 telephone number. See Exhibit 3.

44. The 12Volt Deals / Hornbalsters Amazon "store front" aggregates and displays all of the products being offered for sale and sold by Defendants via Amazon. The 12Volt Deals / Hornbalsters Amazon lists three Wolo products for sale. See Exhibit 4.

45. The three products are: Wolo model 345 "Animal House" Electronic Horn and P.A. System; Wolo model 430 Dixieland Musical Horn; and Wolo model 490 "Handy Horn." See Exhibit 5.

46. Based on Wolo's knowledge that it did not sell any products directly to Defendants and further based on Wolo's belief that Defendants never purchased commercially significant quantities of Wolo's products from any other source, Wolo purchased from Defendants, via Amazon.com, at least one of each of the three listed Wolo items.

47. In each instance, the order confirmation received from Amazon indicated that the product ordered was a Wolo product.

48. In each instance, the order confirmation received from Amazon indicated that the seller of the product was 12Volt Deals.

49. In each instance, the order confirmation received from Amazon included a hyperlink to the "seller profile" which provided more information regarding 12Volt Deals and confirmed the true identity of 12Volt Deals to be Hornbalsters.

50. In each instance, however, Defendants did not sell or ship an authentic Wolo product. Rather, in each instance, without prior notice to or approval by the customer, Defendants sold and shipped Defendants' own branded product.

51. In each instance, the product actually sold and shipped by Defendant is not identical to the authentic Wolo product.

52. Upon information and belief, the substituted products of Defendant are inferior to the corresponding authentic Wolo product and in some instances Defendants' products are illegal, in that they lack Federally mandated warnings, labels, and disclosures.

53. In each instance, the packaging materials, shipping information and other indicia confirmed that the products had been sold and shipped by Defendants.

54. In at least some of the instances, the instructions and/or other materials accompanying Defendants' products are substantially similar to and obviously copied from Wolo's materials.

55. In at least some of the instances, elements of the products themselves are substantially similar to and obviously copied from Wolo's products.

56. In connection with Wolo's attempted purchase of an authentic Wolo HANDY HORN® Defendants' substituted product was branded with the counterfeit and infringing HANDI HORN Trademark. See Exhibit 6.

57. Upon information and belief, Defendants were aware of Wolo and Wolo's Marks prior to commencing its infringing and "bait and switch" activities.

58. Upon information and belief, Defendants were aware of Wolo and Wolo's Marks prior to causing its Amazon.com listings to be associated with authentic Wolo products, using photographs of Wolo's authentic products, and Wolo's Marks.

59. Upon information and belief, at the time Defendants caused their Amazon.com listings to be associated with Wolo products, Defendants intended to fulfill any resulting orders for authentic Wolo products with Defendants' own products.

60. Upon information and belief, at the time Defendants caused their Amazon.com listings to be associated with Wolo products, Defendants knew their corresponding products were not identical to Wolo's products.

61. Upon information and belief, at the time Defendants caused their Amazon.com listings to be associated with Wolo products, Defendants knew their corresponding products were inferior to Wolo's products.

62. Upon information and belief, Defendants knowingly and intentionally fulfilled orders for authentic Wolo products with their own products.

63. Wolo and Defendants are engaged in the business of providing similar products to the same class of customers, through the same channels of trade.

64. The aforementioned acts of Defendants have caused and will continue to cause actual confusion and a likelihood of confusion in the minds of the trade and the public, and will damage Wolo's reputation in connection with its Wolo's Marks.

65. The aforementioned acts of Defendants constitute false advertising.

66. The aforementioned acts of Defendants constitute false designation of origin.

67. The aforementioned acts of Defendants constitute unfair competition.

**COUNT I**
**REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)**

68. Wolo repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

69. By virtue of Defendants' use of the Registered Marks in connection with the advertising and offering for sale of its products, which products are not authentic Wolo products and do not bear any of Wolo's Registered marks, Defendants have used and continue to use spurious marks in commerce.

70. Upon information and belief, Defendants' conduct is willful, malicious and wanton and Defendants will continue their acts of willful infringement unless enjoined by this Court.

71. As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with Wolo's Registered Marks, its reputation and favorable goodwill are likely to buy from Defendants in belief that the goods purchased from Defendants are authentic Wolo goods.

72. Upon information and belief, as a result of Defendants' conduct, actual confusion has occurred.

73. By virtue of Defendants' conduct, Defendants are engaged in infringement of Wolo's Registered Marks, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion, or to cause mistake or to deceive.

74. Defendants have and intend to make unlawful gains and profits from such unlawful infringement and, by reason thereof, Wolo has and will be deprived of rights and profits which otherwise would have come to Wolo, but for such infringements.

75. Wolo has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue its wrongful conduct.

76. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Wolo's monetary damages caused by Defendants' wrongful conduct, Wolo is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Wolo. Wolo seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT II**
**HANDY HORN®**
**REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)**

77. Wolo repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

78. By virtue of Defendants' use of the HANDI HORN mark on products offered for sale and sold by Defendants, Defendants used and continue to use a spurious mark in commerce, thereby infringing Wolo's registered HANDY HORN® mark.

79. Upon information and belief, Defendants' conduct is willful, malicious and wanton and Defendants will continue its acts of willful infringement unless enjoined by this Court.

80. Defendants' goods sold under the infringing HANDI HORN mark are illegal, in that they lack Federally mandated warnings, labels, and disclosures.

81. As a result of Defendants' conduct, Wolo has been placed at risk of unwarranted claims of product liability or other causes of action, resulting from Defendants' sale of illegal and potentially dangerous products which consumers will mistakenly believe to originate from Wolo.

82. As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with Wolo's HANDY HORN® mark, its reputation and favorable goodwill, are likely to buy from Defendants in belief that the goods purchased from Defendants are authentic Wolo goods.

83. Upon information and belief, as a result of Defendants' conduct, actual confusion has occurred.

84. By virtue of Defendants' conduct, Defendants are engaged in infringement of Wolo's Registered HANDY HORN® mark, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using a mark wherein such use is likely to cause confusion, or to cause mistake or to deceive.

85. Defendants have and intend to make unlawful gains and profits from such unlawful infringement and, by reason thereof, Wolo has and will be deprived of rights and profits which otherwise would have come to Wolo, but for such infringements.

86. Wolo has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue its wrongful conduct.

87. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Wolo's monetary damages caused by Defendants' wrongful conduct, Wolo is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Wolo. Wolo seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT III
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND UNFAIR COMPETITION (LANHAM ACT § 43(a))

88. Wolo repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

89. The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they tend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods are affiliated with, sponsored or controlled by Wolo. As a consequence, Defendants have traded upon and gained public acceptance and other benefits from Wolo's Marks and Wolo's favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

90. The acts of Defendants constitute infringement of Wolo's Marks, and the use of false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or their goods are in some manner affiliated with, originate from, or are sponsored by Wolo, and by misrepresenting the nature and/or origin of Defendants' goods, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

91. The acts of Defendants have caused irreparable harm and damage to Wolo and will continue to cause irreparable harm to Wolo, and have caused and will continue to cause Wolo to suffer monetary damage in an amount not yet determined.

92. Wolo has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

93. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Wolo's monetary damages caused by Defendants' wrongful conduct, Wolo is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Wolo. Wolo seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

**COUNT IV**
**FALSE ADVERTISING (LANHAM ACT § 43(a)(1)(B))**

94. Wolo repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

95. The acts and conduct of Defendants, including their commercial advertising and promotion, misrepresent that nature, characteristics, qualities and/or origin of their own goods and of Wolo's goods. As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Wolo's Marks and Wolo's favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

96. The acts of Defendants constitute false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(B).

97. The acts of Defendants have caused irreparable harm and damage to Wolo and will continue to cause irreparable harm to Wolo, and have caused and will continue to cause Wolo to suffer monetary damage in an amount not yet determined.

98. Wolo has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

99. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Wolo's monetary damages caused by Defendants' wrongful conduct, Wolo is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Wolo. Wolo seeks leave of this Court to

amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

**COUNT V**
**TRADEMARK INFRINGEMENT AND DILUTION**
**AND DECEPTIVE ACTS AND PRACTICES**

100. Wolo repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

101. The foregoing acts of Defendants constitute willful, deceptive acts and practices in the conduct of business, trade and/or commerce, in violation of New York Gen. Bus. Law § 349, for which Wolo is entitled to injunctive relief, actual damages, treble damages, punitive damages, attorneys' fees, and costs.

102. The forgoing acts of Defendants will create a likelihood of injury to the public image and business reputation of Wolo, in that the public will likely associate Defendants goods Marks with Wolo's Marks, and cause the dilution of the distinctive quality of Wolo's Marks, in violation of New York Gen. Bus. Law § 360-l, for which Wolo is entitled to injunctive relief.

103. The foregoing acts of Defendants were calculated and designed intentionally to mislead and deceive the public and trade as to the identity of Defendants or as to the connection of Defendant with Wolo, in violation of New York Gen. Bus. Law § 133, for which Wolo is entitled to injunctive relief.

**COUNT VI**
**COMMON LAW INFRINGEMENT, UNFAIR COMPETITION,**
**AND FALSE ADVERTISING**

104. Wolo repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

105. The acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

106. Upon information and belief, Defendants have intentionally appropriated Wolo's Marks with the intent of causing confusion, mistake and deception as to the source of Defendants' goods, with the intent to pass-off their goods as those of Wolo, and the bad faith intent to take advantage of Wolo's reputation, good will and efforts, and as such, Defendants have committed unfair competition in violation of the common law of the State of New York.

107. The acts of Defendants constitute false advertising in violation of the common law of the State of New York.

108. The foregoing acts of Defendants have injured and will continue to injure Wolo, by depriving it of sales of its genuine goods, by injuring its business reputation, and by passing off Defendants' goods as Wolo's genuine goods, all in violation of the common law of the State of New York.

109. Defendants' acts have caused irreparable harm and damage to Wolo and have caused Wolo monetary damage in an amount Wolo has not yet determined, for which Wolo is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

110. Wolo has no adequate remedy at law.

## JURY DEMAND

Wolo demands a trial by jury on all issues.

**WHEREFORE**, Wolo demands judgment against Defendants as follows:

A. That Defendants' conduct serves to infringe Wolo's Registered Marks and Wolo's HANDY HORN mark, in violation of Lanham Act § 32, 15 U.S.C. § 1114;

B. That Defendants' conduct serves to infringe Wolo's Marks, falsely designate the origin of Defendants' goods, falsely describe such goods, and unfairly compete with Wolo, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a);

C. That Defendants' conduct constitutes false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(B);

D. That Defendants' conduct violates the provisions of New York Gen. Bus. Law §§ 349, 360-l, and 133 and constitutes trademark infringement, trademark dilution, unfair competition, and false advertising under the common law of the State of New York;

E. That Defendants and their agents, officers, directors, servants, employees, attorneys, their successors and assigns, and all others in active concert or participation with Defendants' be preliminarily and permanently enjoined from directly or indirectly:

i. Using Wolo's Marks, or any other marks which are similar to or are colorable imitations of Wolo's Marks, alone or as a part of, or together with, any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

ii. Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false advertising, false description or false representation of Defendants' goods and services; and

iii. Otherwise unfairly competing with Wolo or committing dilution or infringement of WOLO's rights;

F. That the Court issue an Order directing Defendants to file with the Court and serve on Wolo, within thirty (30) days after entry of the appropriate Order, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. That the Court issue an Order directing Defendants to serve on Wolo, within thirty (30) days after entry of the appropriate Order, a list of all customers (and addresses) who attempted to purchase authentic Wolo goods from Defendants, but to whom Defendants shipped their own goods;

H. That the Court award judgment in favor of Wolo for the damages and lost profits sustained by Wolo and the profits made by Defendants as a result of Defendants' wrongful conduct;

I. That the Court award judgment in favor of Wolo in the amount of treble damages;

J. That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees;

K. That the Court award to Wolo punitive damages sufficient to deter Defendants from committing such willful acts in the future;

L. That this Court require a full and complete accounting of all monies received by Defendants as a result of their wrongful conduct;

M. For interest on all amounts found to be due to Wolo from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due;

N. That the Court require Defendants to notify their commercial associates, suppliers and customers of said Order, including without limitation, Amazon;

O. That the Court order such other, further and different relief as the nature of this action may require and that the Court may deem just and proper; and

P. That the Court retain jurisdiction of this action for the purpose of enabling Wolo to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

Dated: Scarsdale, New York
August 5, 2015

Respectfully submitted,

**LACKENBACH SIEGEL LLP**

By: *Robert Golden*

Robert B. Golden (RG 6157)
Jeffrey M. Rollings (JR 6940)
Attorneys for Wolo Manufacturing Corp.
One Chase Road
Scarsdale, New York 10583
(914) 723-4300